# Exhibit A

Alan A. Ahdoot, Esq. (State Bar No. 238594)
Christopher B. Adamson, Esq. (State Bar No. 238500)
**ADAMSON AHDOOT LLP**
1150 S. Robertson Blvd.
Los Angeles, California 90035
T: 310.888.0024
F: 888.895.4665
E: alan@aa.law
E: christopher@aa.law

Attorneys for Plaintiff
DANIEL BOYLE

Electronically FILED by
Superior Court of California,
County of Los Angeles
3/05/2024 2:28 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By K. Parenteau, Deputy Clerk

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

## UNLIMITED JURISDICTION

| | |
|---|---|
| DANIEL BOYLE, an individual,<br><br>   Plaintiff,<br><br>vs.<br><br>AMAZON.COM SERVICES LLC;<br>AMAZON DELIVERY SERVICE<br>PARTNER, a California entity, form<br>unknown; AMAZON FULFILLMENT<br>CENTER, a California entity, form unknown;<br>AOUSTHOP, business entity form unknown;<br>and DOES 1-100, inclusive,<br><br>   Defendants. | Case No.:  **24SMCV01035**<br><br>**PLAINTIFFS' COMPLAINT FOR DAMAGES FOR:**<br><br>1. **NEGLIGENCE – FAILURE TO WARN**<br>2. **NEGLIGENT PRODUCTS LIABILTY**<br>3. **STRICT PRODUCTS LIABILITY**<br>4. **BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**<br><br>**PLAINTIFF'S REQUEST TRIAL BY JURY**<br><br>**DEMAND IS ABOVE $35,000.00** |

PLAINTIFF'S COMPLAINT FOR DAMAGES

1

EXHIBIT A
Page 8

COMES NOW Plaintiff DANIEL BOYLE (hereinafter referred to as "PLAINTIFF"), in this Complaint for causes of action against Defendants AMAZON.COM SERVICES LLC; AMAZON DELIVERY SERVICE PARTNER, a California entity, form unknown; AMAZON FULFILLMENT CENTER, a California entity, form unknown; AOUSTHOP, business entity form unknown; and DOES 1-100, Inclusive, and each of them, (collectively referred to as "DEFENDANTS"), complains and allege as follows:

## GENERAL ALLEGATIONS

1.    The true names and capacities, whether individual, corporate, associate, governmental, or otherwise of DOES 1 -100, inclusive, are unknown to PLAINTIFFS at this time, who therefore sues said DEFENDANTS by such fictitious names; and when the true names and capacities of said DEFENDANTS are ascertained, PLAINTIFF DANIEL BOYLE will amend this complaint accordingly.

2.    PLAINTIFF is informed and believes, and thereon alleges, that each of the DEFENDANTS designated herein as a DOE was negligent and/or was in the chain of distribution (including but not limited to the manufacturers, distributors, wholesalers, and retailers) of the defective product and/or was directly in the chain of marketing of the defective product and/or is otherwise responsible in some manner for the events and happenings herein referred to, and their negligence and/or other conduct pertaining to the incident described herein or pertaining to the defective product described herein or otherwise, proximately caused the severe injuries to PLAINTIFF, either through said DEFENDANTS' own conduct or through the conduct of their agents, servants, or employees, or due to their ownership, rental, use, sale, repair, maintenance, designing, manufacturing, marketing or leasing of the instrumentality or property causing the injury, or in some other manner.

3.    At all times relevant and mentioned herein, PLAINTIFF was a resident of the City of Danville, California, County of Contra Costa, California.

4.    At all times relevant and mentioned herein, DEFENDANT **AMAZON.COM SERVICES LLC** ("AMAZON.COM") was and is an LLC corporation doing business in the

---

PLAINTIFF'S COMPLAINT FOR DAMAGES

2

County of Contra Costa, State of California,

5.    At all times relevant and mentioned herein, Defendant **AMAZON DELIVERY SERVICE PARTNER, a California entity, form unknown**, was and is an independent contractor/franchisee business entity, form unknown, doing business in the County of Contra Costa, State of California.

6.    At all times relevant and mentioned herein, Defendant **AMAZON FULFILLMENT CENTER, a California entity, form unknown** was and is a California business entity operating out of 11800 West Olympic Boulevard, Los Angeles, California 90064, form unknown, doing business in the County of Los Angeles, the State of California.

7.    DEFENDANTS AMAZON.COM SERVICES LLC, AMAZON DELIVERY SERVICE PARTNER, a California entity, form unknown, and Defendant AMAZON FULFILLMENT CENTER, a California entity, form unknown, are hereinafter collectively referred to as "AMAZON DEFENDANTS")

8.    At all times relevant and mentioned herein, Defendant **AOUSTHOP** (hereinafter "Defendant AOUSTHOP"), business entity form unknown, doing business in the county of Contra Costa, the State of California.

9.    PLAINTIFF is informed, believes, and thereon alleges that at all times relevant and mentioned herein, DEFENDANTS, including DOES 1 through 100, inclusive, and each of them, were the agents, servants, employees, and/or successors in interest, and/or joint venturers of their co-Defendants, and each of them was acting within the course, scope, and authority of said agency, employment, and/or venture, and that each and every DEFENDANT, as aforesaid, when acting as a principal, was negligent in the selection and hiring, retention, training and supervision of each and every other DEFENDANT as an agent, employee and/or joint venturer. Furthermore, that each said DEFENDANT, while acting as a principal, expressly directed, consented to, approved, affirmed, and ratified each and every action taken by their co-Defendants, as alleged. PLAINTIFF is informed, believes, and thereon alleges that said fictitiously named DEFENDANTS, and each of them, engaged in the same or similar conduct as the named DEFENDANT, thereby proximately

PLAINTIFF'S COMPLAINT FOR DAMAGES

3

EXHIBIT A
Page 10

causing PLAINTIFF'S injuries and damages as set forth herein, either through the said fictitious Defendants' own negligent conduct or through the conduct of agents, servants, or employees, or due to their ownership, rental, use, repair, or maintenance of the product.

10. At all times mentioned herein, PLAINTIFF is, and was, residing in the County of Contra Costa, California.

11. At all times mentioned herein DEFENDANTS were doing business in the State of California.

12. At all times mentioned herein AMAZON DEFENDANTS were conducting business at 11800 West Olympic Boulevard, Los Angeles, California 90064, which falls within the Los Angeles County Superior Court judicial district, and therefore the proper Court in which to bring this action, pursuant to California *Code of Civil Procedure* sections 395 and 396.

13. PLAINTIFF is informed, believes, and thereon alleges at all times herein mentioned, AMAZON DEFENDANTS, owned, maintained, controlled, possessed, managed, and/or otherwise operated the online store/marketplace named AMAZON.COM.

14. PLAINTIFF brings this action because of the fatal injuries and damages sustained in connection with a burning incident that occurred on or about May 31, 2022, when a portable sauna purchased through AMAZON.COM for steaming caused the PLAINTIFF'S injuries during use.

15. On or about October 5, 2021, PLAINTIFF viewed, ordered, and purchased in CONTRA COSTA, California from DEFENDANT AOUSTHOP, through its marketplace on AMAZON.COM, an AOUSTHOP SAUNA STEAMER PORTABLE POT (hereinafter referred to as "SUBJECT SAUNA").

16. On or about the aforementioned date, PLAINTIFF received a purchase slip/invoice from Amazon.com labeled "Final Details for Order #114-8990135-3981853," which detailed the purchase transaction.

17. AMAZON DEFENDANTS promoted, marketed, distributed, sold, or otherwise placed into the stream of commerce the SUBJECT SAUNA that PLAINTIFF purchased.

AMAZON DEFENDANTS received direct benefits from the sale of the SUBJECT SAUNA, including but not limited to a commission on the sale.

18.     On or about May 31, 2022, when PLAINTIFF was sauna bathing with the SUBJECT SAUNA, the SUBJECT SAUNA released boiling hot water onto his person. PLAINTIFF sustained severe and debilitating injuries as a result of the defective SUBJECT SAUNA.

19.     DEFENDANTS, and each of them, are directly and vicariously liable for PLAINTIFF'S injuries and damages for marketing, supplying, distributing, and selling the SUBJECT SAUNA.

20.     As a result of the SUBJECT INCIDENT, PLAINTIFF suffered severe, traumatic, and debilitating injuries that necessitated significant medical care.

## FIRST CAUSE OF ACTION

### NEGLIGENCE – FAILING TO WARN

(By PLAINTIFFS against DEFENDANTS and/or DOES 1-100.)

21.     PLAINTIFF re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

22.     DEFENDANTS, and each of them, promoted, distributed, repaired and/or sold the SUBJECT SAUNA, expecting it would reach consumers in the condition in which it was manufactured and sold, and knowing, or with reason to know, it would be used without inspection for defects of any danger to PLAINTIFF.

23.     The SUBJECT SAUNA did in fact reach PLAINTIFF without substantial change in the condition in which DEFENDANTS, and each of them, first sold it.

24.     At the time of the incident, PLAINTIFF was using the SUBJECT SAUNA as it was intended to be used and in a reasonably foreseeable manner.

25.     The SUBJECT SAUNA was defective in its design and or manufacture because it did not perform as safely as an ordinary consumer would have expected it to perform. The SUBJECT SAUNA was unable to stay latched while being used as intended and in a reasonably

EXHIBIT A
Page 12

foreseeable manner.

26. DEFENDANTS, and each of them, are also liable to PLAINTIFF because they failed to provide adequate warnings regarding the condition of the SUBJECT SAUNA, causing it to be unreasonably dangerous to the intended user at the time it left AMAZON DEFENDANTS' possession. Neither the SUBJECT SAUNA, the purchase slip/invoice, nor any accompanying materials contained any warnings that were sufficiently adequate to have warned PLAINTIFF of the substantial danger that is the poor safety latch when used in its intended manner.

27. The SUBJECT SAUNA was provided in a dangerous condition making it unreasonably dangerous, defective, and unsafe for its intended use.

28. DEFENDANTS, and each of them, are held to the level of knowledge of an expert in the field and knew or should have known the SUBJECT SAUNA was dangerous, defective, and unsafe for its intended use.

29. Despite DEFENDANTS' knowledge of the dangers associated with the use of the SUBJECT SAUNA, DEFENDANTS, and each of them, promoted, distributed, and/or sold the product without adequate information and data.

30. DEFENDANTS, and each of them, knew or should have known consumers, including PLAINTIFF, would foreseeably suffer severe injuries as a result of their failures.

31. DEFENDANTS, and each of them, failed to provide any warnings of a possible defect or dangerous condition.

32. As a direct result of the defective SUBJECT SAUNA and the conduct of DEFENDANTS, PLAINTIFF sustained damages in an amount that will be stated according to proof, pursuant to California *Code of Civil Procedure* section 425.10.

## SECOND CAUSE OF ACTION

## NEGLIGENT PRODUCTS LIABILITY

(By PLAINTIFF against DEFENDANTS and/or DOES 1-100)

33. PLAINTIFFS re-allege and incorporate herein by reference each and every allegation and statement contained in the prior paragraphs.

PLAINTIFF'S COMPLAINT FOR DAMAGES

6

EXHIBIT A

Page 13

34.    DEFENDANTS, and each of them, negligently, and recklessly, distributed, repaired, maintained, sold, inspected, warranted, designed, manufactured, failed to warn, and/or advertised the SUBJECT SAUNA, such that it was dangerous and unsafe for its intended use and/or reasonably foreseeable use.

35.    DEFENDANTS, and each of them, owed a duty to PLAINTIFF and the general public to exercise reasonable care in sale of the SUBJECT SAUNA, to ensure it was safe for its reasonably foreseeable use.

36.    DEFENDANTS, and each of them, failed to exercise the reasonable amount of care in the repair and sale of the SUBJECT SAUNA, that a reasonably careful manufacturer, designer, or sell would have used in same of similar circumstances to avoid exposing others to a foreseeable risk of harm.

37.    As a proximate result of said negligent conduct, PLAINTIFF suffered irreparable injuries as previously alleged. The negligence of DEFENDANTS, and each of them, was a substantial factor in causing the death of PLAINTIFF, as previously alleged.

### THIRD CAUSE OF ACTION

### STRICT PRODUCTS LIABILITY

(By PLAINTIFF against DEFENDANTS and/or DOES 1-100)

38.    PLAINTIFF re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

39.    At all times mentioned herein, DEFENDANTS, and each of them, were engaged in the business of manufacturing, fabricating, designing, assembling, repairing, distributing, selling, inspecting, warranting, marketing, and/or advertising the SUBJECT SAUNA.

40.    At all times mentioned herein, DEFENDANTS, and each of them, manufactured, designed, assembled, packaged, tested, fabricated, inspected, marketed, distributed, and/or sold the SUBJECT SAUNA and each of its component parts with defects in either their design, manufacturing and/or failure to warn, which made SUBJECT SAUNA dangerous, hazardous and unsafe for its intended use.

41.    PLAINTIFF is informed, believes, and thereon alleges that the SUBJECT SAUNA included design and/or manufacturing defects that resulted in PLAINTIFF'S injuries, and that the SUBJECT SAUNA contained this defect when it was introduced into the stream of commerce.

42.    PLAINTIFF is informed, believes, and thereon alleges that DEFENDANTS, and each of them failed to properly warn of the dangers in the reasonable and intended use of the SUBJECT SAUNA.

43.    As a direct result of the defective SUBJECT SAUNA and conduct of the DEFENDANTS, and each of them, PLAINTIFF sustained damages in an amount that will be stated according to proof, pursuant to California *Code of Civil Procedure* section 425.10.

## FOURTH CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

(By PLAINTIFF against DEFENDANTS and/or DOES 1-100)

44.    PLAINTIFF re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

45.    PLAINTIFF is informed, believes, and thereon alleges that PLAINTIFF purchased the SUBJECT SAUNA from DEFENDANTS, and each of them.

46.    PLAINTIFF is informed, believes, and thereon alleges that at the time of purchase, DEFENDANTS, and each of them, were in the business of selling steam saunas, by their occupation held them out as having special knowledge or skill regarding these goods.

47.    PLAINTIFF is informed, believes, and thereon alleges that the SUBJECT SAUNA was not of the same quality as those generally acceptable in the trade, was not fit for the ordinary purposes for which the SUBJECT SAUNA was used.

48.    PLAINTIFF sustained irreparable injuries as a result of the defective SUBJECT SAUNA.

49.    PLAINTIFF is informed, believes, thereon alleges the failure of the SUBJECT SAUNA to have the expected quality was a substantial factor in causing the injuries of PLAINTIFF.

## PRAYER FOR DAMAGES

WHEREFORE, PLAINTIFF hereby prays for judgment against DEFENDANTS, and each of them, as follows:

1.    For general damages (also known as non-economic damages), including but not limited to, past and future physical, mental, and emotional pain and suffering in an amount in excess of the jurisdictional minimum, according to proof;

2.    For special damages (also known as economic damages), including but not limited to, past and future hospital, medical, professional, and incidental expenses as well as past and future loss of earnings, loss of opportunity, and loss of earning capacity, in excess of the jurisdictional minimum, according to proof;

3.    For prejudgment interest, according to proof;

4.    For cost of suit incurred herein, including attorney's fees, according to proof;

5.    For damages for PLAINTIFF'S other losses, according to proof;

6.    For such other and further relief as the Court may deem just and proper.

Dated: March 5, 2024                                ADAMSON AHDOOT LLP

By: _____
Christopher B. Adamson, Esq.
Attorneys for Plaintiff
DANIEL BOYLE

## DEMAND FOR TRIAL BY JURY

PLAINTIFF hereby demands a trial by jury as to all causes of action.

Dated: March 5, 2024                                ADAMSON AHDOOT LLP

By: _____
Christopher B. Adamson, Esq.
Attorneys for Plaintiff
DANIEL BOYLE

EXHIBIT A
Page 16